**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **TARIQ MAYETT (AKA Kevin Williams)** | : | **CIVIL ACTION** |
| **Petitioner,** | : | |
| **v.** | : | |
| | : | |
| **ALBERTO R. GONZALES, Attorney General** | : | **No.  07-3529** |
| **and DONALD MONICA, Acting District** | : | |
| **Director, US Department of Homeland Security,** | : | |
| **Philadelphia District, et al** | : | |
| **Respondents.** | : | |

## ORDER & MEMORANDUM

### O R D E R

**AND NOW**, this 28th day of November, 2007, upon consideration of Respondents'

Motion to Dismiss Petitioner's Petition for Writ of Habeas Corpus (Document No. 6, filed

September 25, 2007), Petitioner's Opposition to Respondents' Motion to Dismiss, and

Petitioner's Non-Opposition to Transfer to the Middle District, **IT IS ORDERED** that

Respondents' Motion to Dismiss Petitioner's Petition for Writ of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED** that this case is **TRANSFERRED** to the United States District

Court for the Middle District of Pennsylvania.  The Clerk of the United States District Court for

the Eastern District of Pennsylvania shall send the complete file in this case to the United States

District Court for the Middle District of Pennsylvania.

### MEMORANDUM

## I.      BACKGROUND

Petitioner, Tariq Mayett, filed the instant Petition for Writ of Habeas Corpus on August

24, 2007.  Petitioner is a lawful permanent resident of the United States and a native and citizen

of Trinidad and Tobago. (Comp. ¶ 7.)  He is being detained pending removal for a conviction for

criminal sale of a controlled substance in violation of New York Penal Law Section 220.39.

(Id. ¶ 10.)  Petitioner has been detained since March of 2007 at Pike County Prison in Lordsville,

Pennsylvania. (Id. ¶ 1, 10.)  Pike County is located in the Middle District of Pennsylvania.

28 U.S.C. § 118(b).

On September 25, 2007, the United States filed a Motion to Dismiss Petitioner's Petition

for Writ of Habeas Corpus pursuant to Rule of Civil Procedure 12(b)(3) on the ground that venue

is improper in this District.  The Government argues that the habeas statute, 28 U.S.C. § 2241(a),

as interpreted by the Supreme Court in Rumsfeld v. Padilla, 542 U.S. 426 (2004), requires that

the habeas petition be filed in petitioner's actual district of confinement, the Middle District of

Pennsylvania.

On October 22, 2007, petitioner filed an Opposition to Respondents' Motion to Dismiss.

In the Opposition, petitioner asks the Court to deny the Motion to Dismiss, or in the alternative,

to transfer the case to the Middle District of Pennsylvania.  Petitioner argues that Padilla is

distinguishable from the instant case because the petitioner in Padilla was in the actual and

constructive custody of the same agency.  Petitioner asserts that in this case, the Philadelphia

Field Office of the Department of Homeland Security has ultimate control over petitioner's

detention, not the warden of Pike County Prison, and because the Field Office is located in the

Eastern District, and not the Middle District, venue is proper in this District.

On November 5, 2007, the Court held a telephone conference with the parties, during

which petitioner agreed to notify the Court, through counsel, as to whether petitioner would agree

to a transfer of the case to the United States District Court for the Middle District of

Pennsylvania.  On November 16, 2007, petitioner filed a Non-Opposition to Transfer to the Middle District.  This Memorandum explains the law applicable to the venue issue and the basis for the transfer.

## II.    DISCUSSION

Under 28 U.S.C. § 1406, "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  Pursuant to this statute, a court ruling on a venue challenge may conclude that venue is improper yet nonetheless deny a motion to dismiss if it decides to transfer a case "in the interest of justice." Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466-67 (1962).  The defense of improper venue may be asserted in a motion under Rule 12(b)(3).

The habeas corpus statute at issue in this case provides that:

Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge **within their respective jurisdictions**. The order of a circuit judge shall be entered in the records of the district court of the district wherein the restraint complained of is had.

28 U.S.C. § 2241(a) (emphasis added).  In Rumsfeld v. Padilla, the Supreme Court addressed the "within their respective jurisdictions" language in the statute, noting "the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." 542 U.S. at 443.  The Third Circuit has explained that jurisdiction in the habeas context depends on the location of the petitioner's custodian, and that for immigration-related petitions, "it is the warden of the prison or the facility where the detainee is held that is considered the custodian . . . ." Yi v. Maugans, 24 F.2d 500, 507 (3d Cir. 1994).

3

Accordingly, the Third Circuit rejected the argument made in this case by petitioner that venue is proper where the court only has jurisdiction over the local district director of the immigration agency. Id.

Numerous district judges in the Third Circuit have relied on Yi and Padilla in transferring habeas petitions filed in districts other than a petitioner's district of confinement. See, e.g., Nasereddin v. Dep't of Homeland Security, 2007 W.L. 1276955 (E.D. Pa. Apr. 27, 2007) (transferring case from Eastern District of Pennsylvania to Middle District, the actual place of petitioner's confinement); Yakubova v. Gonzalez, 2006 WL 3407988 (E.D. Pa. Nov. 24, 2006) (same); McKenzie v. I.N.S., 2005 WL 452371, *3 (E.D. Pa. Feb. 23, 2005) (noting that Middle District of Pennsylvania and not Eastern District was proper venue, because Middle District was actual place of petitioner's confinement); Petrova v. Dir. of Immigration, 1996 WL 8022 (E.D. Pa. January 2, 1996) (transferring case from Eastern District of Pennsylvania to Middle District, the actual place of petitioner's confinement); Guan-Hua Qiang v. Dist. Dir. of I.C.E., 2006 WL 3762029 (M.D. Pa. Dec. 20, 2006) (dismissing case because petitioner, if still in confinement, was located in New Mexico, and not Middle District of Pennsylvania); Valdivia v. I.N.S., 80 F. Supp. 2d 326 (D.N.J. 2000) (transferring case from District of New Jersey to Western District of New York, the actual place of petitioner's confinement).

**III.    CONCLUSION**

In this case, petitioner filed his petition in the Eastern District of Pennsylvania although the Middle District of Pennsylvania is his actual place of confinement.  Accordingly, pursuant to the habeas statute, 28 U.S.C. § 2241(a), and the decisions of the Third Circuit in Yi, 24 F.2d at 507, and the Supreme Court in Padilla, 542 U.S. at 443, this Court concludes that jurisdiction

over petitioner's claims lies in the Middle District of Pennsylvania and the Middle District, not this District, is the proper venue. See also Nasereddin, 2007 WL 1276955, at *2; Yakubova, 2006 WL 3407988, at *2; Petrova, 1996 WL 8022, at *2.  Respondents' Motion to Dismiss is denied, and the case shall be transferred, "in the interest of justice," to the Middle District of Pennsylvania.

**BY THE COURT:**


**/s/ Honorable Jan E. DuBois**
**JAN E. DUBOIS, J.**
